1510181

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MIREILLE LAURENT, )
)
    Plaintiff, )
)
vs. )
)
JAEA RESTAURANT HOLDINGS, )
LLC d/b/a WENDY'S OLD )
FASHIONED HAMBURGERS, )
)
    Defendant. )
_____ )

**COMPLAINT FOR DAMAGES UNDER 29 U.S.C. §§ 201-216 FOR OVERTIME WAGE VIOLATIONS AND MINIMUM WAGES**

COMES NOW the plaintiff, MIREILLE LAURENT ("Plaintiff"), by and through the undersigned counsel, and files this Complaint against Defendant, JAEA RESTAURANT HOLDINGS, LLC d/b/a WENDY'S OLD FASHIONED HAMBURGERS ("JAEA"), and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Palm Beach County, Florida at the time that this dispute arose.

3. The Defendant Corporation, JAEA, is a corporation that regularly transacts business within Palm Beach County. Upon information and belief, JAEA was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. All acts or omissions giving rise to this dispute took place in Palm Beach County.

5. This action arises under the laws of the United States.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought

CASE NO.

pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement).

### COUNT I- FEDERAL OVERTIME WAGE VIOLATION

The Plaintiff reavers and reaffirms each and every allegation contained in paragraphs 1 through 6 as if fully set forth herein.

7.  29 U.S.C. § 207(a)(1) states that if an employer covered under the Fair Labor Standards Act employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty "at a rate not less than one and one-half times the regular rate at which he is employed."

8.  Plaintiff worked for JAEA as an hourly employee at 7925 S. Dixie Highway, West Palm Beach, Florida in approximately 2014 and 2015 ("the relevant time period").

9.  JAEA's business activities involve those to which the Fair Labor Standards Act applies. JAEA's business and the Plaintiff's work for JAEA affected interstate commerce for the relevant time period. Plaintiff's work for JAEA affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to Plaintiff by JAEA to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for JAEA was actually in and/or so closely related to the movement of commerce while he worked for JAEA that the Fair Labor Standards Act applies to Plaintiff's work for JAEA.

10. Additionally, JAEA regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making JAEA's business an enterprise covered under the Fair Labor Standards Act.

11. Upon information and belief, JAEA had gross sales or business done in excess of

CASE NO.

$500,000.00 for the year 2014.

12. Upon information and belief, JAEA's gross sales or business done is expected to exceed $500,000.00 for the year 2015.

13. During the relevant time period, Plaintiff was paid an average of $9.50 per hour for all hours worked per week, and worked an average of fifty (50) to sixty (60) hours per week. Plaintiff was not paid the required time-and-a-half overtime rate for all hours worked per week in excess of forty (40) hours as required by the Fair Labor Standards Act.

14. For instance, Exhibit "A" includes punch slips for Plaintiff for the weeks of August 23, 2015 and August 28, 2015, which show that Plaintiff worked at least 54 hours and 37 minutes and forty hours and 5 minutes, respectively. However, Exhibit "B" is Plaintiff's Earnings Statement for these weeks, which does not include any hours in excess of 40 hours for these weeks or the required time-and-a-half overtime rate for all hours worked per week in excess of 40 hours.

15. Plaintiff does not have records for the entirety of the relevant time period; however, Plaintiff believes that JAEA failed to pay the required time-and-a-half overtime rate for all hours worked per week in excess of forty (40) hours as required by the Fair Labor Standards Act numerous times during the relevant time period in the same manner as demonstrated by Exhibits A and B.

16. Plaintiff therefore claims the half-time overtime rate based upon her hourly rate for the average of ten (10) to twenty (20) hours worked in excess of forty (40) per week for the relevant time period that Plaintiff was employed by JAEA.

17. JAEA willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act, as JAEA knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether JAEA's payroll practices

CASE NO.

were in accordance with the Fair Labor Standards Act. JAEA remains owing Plaintiff these wages since the commencement of Plaintiff's employment with JAEA for the relevant time period.

WHEREFORE, the Plaintiff requests double damages and reasonable attorneys' fees from JAEA, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from the relevant time period, or as much as allowed by the Fair Labor Standards Act, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

### COUNT II- FEDERAL MINIMUM WAGE VIOLATION

The Plaintiff reavers and reaffirms each and every allegation contained in paragraphs 1 through 6 as if fully set forth herein.

18.  29 U.S.C. § 206(a) states that every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, a wage of at least $7.25.

19.  JAEA failed to pay Plaintiff for any hours she worked during her final pay period employed by JAEA. As a result of JAEA's actions, Plaintiff was not paid the required minimum wage for each hour worked during this pay period.

20.  Despite requests from Plaintiff, 17.  JAEA willfully and intentionally refused to pay Plaintiff's minimum wage as required by the Fair Labor Standards Act, as JAEA knew of the minimum wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether JAEA's payroll practices were in accordance with the Fair Labor Standards Act. JAEA remains owing Plaintiff these wages for this pay period.

WHEREFORE, the Plaintiff requests double damages and reasonable attorneys' fees

CASE NO.

from JAEA, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all minimum wages still owing from the relevant pay period, or as much as allowed by the Fair Labor Standards Act, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

The Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted this 8th day of January, 2016.

CONROY, SIMBERG
Attorney for Plaintiff
3440 Hollywood Boulevard
Second Floor
Hollywood, FL 33021
Phone:  (954) 961-1400 Broward
Fax:  (954) 967-8577

By:  /s/ Stuart F. Cohen, Esq.,
Stuart F. Cohen, Esquire
Florida Bar No. 986178